ORDER
GRITT, JUDGE:
An application of the claimant, Marvin L. Pugh, for an award under the West Virginia Crime Victims Compensation Act, was filed September 27, 2004. The report of the Claim Investigator, filed March 14,2005, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on April 21, 2005, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed May 13,2005. This matter came on for hearing July 22, 2005, the claimant appearing in person, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
On April 3, 2004, the 63-year-old claimant was the victim of criminally injurious conduct in Fellowsville, Preston County. The claimant was exiting a vehicle when Douglas Bloomer, the driver of the vehicle, ran over him.
As a result of the attack, the claimant suffered a broken leg and facial lacerations.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant... that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained.”
The claimant testified at the hearing of this matter that on the day in question, the alleged offender Douglas Bloomer picked him up between 9:30 a.m. and 10:00 a.m. He stated that they were both drinking. Later, Mr. Bloomer was dropping off the claimant at Mr. Bloomer’s mother-in-law’s house. As Mr. Pugh exited the vehicle, Mr. Bloomer put the vehicle in reverse, striking the claimant with the vehicle’s door. The claimant was knocked to the ground, suffering facial lacerations. He was then run over by the vehicle, breaking one of his legs. Mr. Bloomer then fled the scene, but was later arrested. Mr. Pugh was taken to the hospital where he was treated for his injuries. The claimant’s blood alcohol content was .31%.
The Claim Investigator’s original finding was that the claimant was guilty of contributory misconduct within the meaning of the statute. The original Order upheld the Claim Investigator’s finding, disallowing the claim. Thus it became the claimant’s burden to prove by a preponderance of the evidence that he was not guilty of contributory misconduct. The Court is of the opinion that he did not meet this burden. There was evidence produced at hearing that the claimant was drinking and had been doing so for two days. Since there was no evidence presented that the claimant was not guilty of contributory misconduct, the Court must deny this claim.
The Court is constrained by the evidence to stand by its previous ruling; therefore, this claim must be, and is hereby, denied.